# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SYLVESTER MORRIS,

Petitioner,

v.

DAO VANG,

Respondent.

Case No. 1:25-cv-01170-KES-EPG-HC

FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

(ECF No. 10)

Petitioner Sylvester Morris, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period and Petitioner fails to satisfy the Schlup gateway actual innocence standard, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus as untimely.

**I.**

**BACKGROUND**

On March 5, 1999, Petitioner was convicted in the Fresno County Superior Court of forcible oral copulation, a lesser included offense to forcible oral copulation in concert; forcible rape in concert; forcible oral copulation in concert; and kidnapping for purpose of rape. (1 CT[1] 299–300; 2 CT 301–05, 312–15.) On June 4, 1999, Petitioner was sentenced to an imprisonment term of twenty-two years to life. (LDs[2] 1, 2.) Petitioner appealed, and on April 16, 2001, the

[1] "CT" refers to the Clerk's Transcript on Appeal filed by Petitioner. (ECF No. 1-16.)
[2] "LD" refers to the documents lodged by Respondent. (ECF No. 12.)

California Court of Appeal affirmed the judgment. (LD 2.) Petitioner did not file a petition for review with the California Supreme Court. (ECF No. 1 at 10.[3]) Subsequently, Petitioner filed five state post-conviction collateral challenges, three of which were filed with the assistance of counsel. (ECF No. 10 at 2.)

On September 11, 2025, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On November 21, 2025, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 10.) On December 11, 2025, Petitioner filed an opposition, and Respondent filed a reply on January 23, 2026. (ECF Nos. 13, 16.)

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

[3] Page numbers refer to the ECF pagination stamped at the top of the page.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not file a petition for review with the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The time to seek review with the California Supreme Court expired on May 29, 2001.[4] See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").The one-year limitation period commenced running the following day, May 30, 2001, and absent tolling, was set to expire on May 29, 2002. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On May 13, 2002,[5] Petitioner

---

[4] Forty days after the Court of Appeal's decision, May 26, 2001, fell on a Saturday. The following Monday, May 28, 2001, was Memorial Day. Accordingly, the time to seek review continued to run until the next business day, Tuesday, May 29, 2001. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

[5] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell

constructively filed a state petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition on May 23, 2002. (ECF Nos. 1-4, 1-5.) There is nothing in the record that suggests this petition was not properly filed, and Respondent makes no such argument. (ECF No. 10 at 3.) Thus, Petitioner is entitled to statutory tolling for the period his first state habeas petition was pending in the Fresno County Superior Court.

On January 2, 2019, Petitioner constructively filed a state petition for writ of habeas corpus in the Fresno County Superior Court, more than sixteen years after Petitioner filed his first state habeas petition. (ECF No. 1-6.) As § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), neither the January 2, 2019 state habeas petition filed in the Fresno County Superior Court nor any subsequent state habeas petition tolls the limitation period.

Based on the foregoing, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

1. Extraordinary Circumstance

Petitioner asserts that "extraordinary circumstances include the fact that Petitioner had no control over being born indigent, or that his family would abandon him after his conviction, leaving him with no way of obtaining legal assistance" and that "Petitioner, in his youth and ignorance of the law, did not stand a chance of preparing an adequate petition for writ of habeas corpus, nor did he know his appellate rights after his attempted petition was denied." (ECF No. 1

v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 10 at 2 n.1.)

at 39.) Lack of legal sophistication does not constitute an extraordinary circumstance that warrants equitable tolling. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("*[P]ro se* status" was "hardly extraordinary given the vicissitudes of prison life" and did not warrant equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Accordingly, Petitioner has failed to show extraordinary circumstances prevented him from timely filing the petition.

2. Diligence

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013. The Ninth Circuit has held that "diligence during the existence of an extraordinary circumstance is the key consideration." Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014). However, Petitioner's diligence before and after the extraordinary circumstance is "[a]lso relevant" and "may be illuminating." Id.

Petitioner asserts that his "account of events"—inability to afford an attorney to assist with a habeas petition, submission of a *pro se* state habeas petition when he was twenty-one years old that resulted in a summary dismissal, lack of awareness that he could seek review of the dismissal with the appellate court, developing a relationship with his now-wife, who contacted and paid for the services of an attorney to file a new habeas petition—"is proof that he has diligently pursued his rights[.]" (ECF No. 1 at 38–39.)

\\\

The Ninth Circuit has explained that a petitioner must "be diligent in actively pursuing his rights" and "must act with diligence in preparing his petition to warrant equitable tolling." Smith v. Davis, 953 F.3d 582, 599, 601 (9th Cir. 2020). Here, there is nothing in the record before this Court demonstrating that Petitioner was actively pursuing his rights during the sixteen years between when his first state habeas petition was dismissed and Petitioner filed his second state petition and during the five years between when his second state habeas petition was dismissed and his counseled third petition was filed. Accordingly, Petitioner has failed to show that he has been pursuing his rights diligently.

Based on the foregoing, the undersigned recommends finding that Petitioner is not entitled to equitable tolling.

**D. Actual Innocence**

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (second alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). A "gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at 324). "'New' evidence under Schlup does not actually have to be newly discovered. Rather, we assess any evidence that is 'newly presented,' as in 'not presented at trial.'" Gable v. Williams, 49 F.4th 1315, 1322 (9th Cir. 2022) (citations omitted), cert. denied sub nom. Steward v. Gable, 143 S. Ct. 1796 (2023). The "Schlup standard is demanding and permits review only in the 'extraordinary' case." House, 547 U.S. at 538 (some internal quotation marks omitted) (quoting Schlup, 513 U.S. at 327).

Respondent argues that "Petitioner seems to only take issue with the trial evidence, without presenting any newly discovered evidence that actually establishes his innocence,"

which does not satisfy Schlup. (ECF No. 10 at 5.) Petitioner contends that "[w]hile actual innocence claims are typically made with the presentation of new evidence, no court has held that new evidence is required, and the Supreme Court has held that a claim of actual innocence can be based on evidence that was excluded at trial," (ECF No. 13 at 2), and quotes the following passage from Schlup:

> In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."

Schlup, 513 U.S. at 327–28. However, Schlup explicitly states that an actual innocence "claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and that "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him *in the light of the new evidence*." Id. at 324, 327 (emphasis added). Petitioner appears to conflate the two steps of an actual-innocence gateway claim. First, a petitioner "must offer '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Gable, 49 F.4th at 1322 (emphasis added) (quoting Schlup, 513 U.S. at 324). Second, the court "then consider[s] 'all the evidence, old and new, incriminating and exculpatory, admissible at trial or not.'" Gable, 49 F.4th at 1322 (quoting Lee v. Lampert, 653 F.3d 929, 938 (9th Cir. 2011)). "This includes evidence 'alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Gable, 49 F.4th at 1322 (quoting Schlup, 513 U.S. at 328). "On this complete record, the court makes a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" Lee, 653 F.3d at 938 (some internal quotation marks omitted) (quoting House, 547 U.S. at 538).

Here, Petitioner acknowledges that "Petitioner's claim of actual innocence is based largely on evidence that was wrongly excluded at trial." (ECF No. 13 at 3.) As Petitioner has not offered any new evidence, the undersigned recommends finding that Petitioner has not satisfied the requirements of Schlup, and thus, the petition should be dismissed as untimely.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 20, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE